**SHELTON et al. v. GIZYCKA et al.**

Civ. A. No. 3158–49.

United States District Court
District of Columbia.

Sept. 12, 1950.

R. H. Yeatman, Jr., and Daniel B. Maher, of Washington, D. C., for the motion.

Edmund D. Campbell, of Washington, D. C., for the executor.

J. Edward Burroughs, Jr., of Washington, D. C., guardian ad litem, opposed.

HOLTZOFF, District Judge.

This is an action for the construction of the will of Eleanor Patterson. It is now before this Court on a motion for summary judgment made by certain defendants, who are assignees of an annuity bequeathed to the testatrix' daughter, Felicia Gizycka.

The question involved is solely one of law. The motion raises the construction of Article 11th of the will, which creates a trust fund. One of the beneficiaries of the trust is the daughter, Felicia Gizycka, who is bequeathed the sum of $25,000 per annum, to be paid in convenient installments, not less often than quarterly. The question presented is whether she is entitled to receive the income from the fund, which eventually will become a trust fund, from the date of the death of the testatrix or from the date on which title to the assets vests in the trustees.

It is a rule of law in this jurisdiction that a life beneficiary of a residuary trust is entitled to income thereon from the date of the testator's death. Proctor et al. v. American Security and Trust Co. et al., 69 App. D. C. 70, 72, 98 F.2d 599. Moreover, in dealing with the children of a testator or testatrix, who

form the natural object of the bounty of the deceased, it is to be assumed that a bequest or a devise in their favor must be intended to accord them financial protection or financial security. It is inconceivable to the Court that the testatrix intended to leave her daughter without an income during the period of administration of the estate, which might be prolonged for several years. The testatrix evidently foresaw this contingency, because in Article 15th of the will she provided that during the period of administration of her estate, the executors, or any administrator duly appointed, were to be expressly authorized and empowered as such to join with the trustees in the exercise of all powers given the trustees; and to the extent that the executors had sole custody or control of any property, the executors under the will were given all the powers therein conferred on and that might at any time be exercised by the trustees thereunder. It seems clear that by this provision the testatrix intended that during the period intervening between her death and the date on which the trusts were established, the executors should make the payments that the trustees were to make thereafter.

It is interesting to observe that in Article 9th of the will a provision was made for certain payments to be made out of the trust fund, and it was expressly provided that these payments should commence as of the date on which the trustees took over the assets from the executors. No such provision is found in Article 11th. It seems to the Court that if it was the intention of the testatrix that the annuity to the daughter should commence as of the date on which the trustees took over the estate, the testatrix would have inserted a similar provision in Article 11th. The principle of construction, *expressio unius est exclusio alterius,* seems applicable here.

In view of these circumstances, the Court will construe Article 11th of the will as providing that the annuity bequeathed to Felicia Gizycka should commence as of the date of the death of the testatrix. Counsel may submit a proposed order in accordance herewith.